UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------x
:
JULIE DERMANSKY, an individual residing at :
2357 Cours Carson St., Mandeville, LA 70448, :
: Index No.:
:
*Plaintiff*, :
:
:
-against- :
: **COMPLAINT**
:
: **DEMAND FOR JURY TRIAL**
SECURING AMERICA'S FUTURE ENERGY :
FOUNDATION, an organization located at :
1111 19th St. NW, Suite 406, Washington DC, 20036, :
:
*Defendant*. :
------------------------------------------------------------------------x

Plaintiff Julie Dermansky ("Plaintiff"), by and through her undersigned attorneys, brings this action against Defendant Securing America's Future Energy Foundation ("Defendant" or "SAFE"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for direct copyright infringement, as well as for the violation of Plaintiff's rights under Section 1202 of the U.S. Copyright Act resulting from the unauthorized removal and/or alteration of Copyright Management Information ("CMI"), as that term is defined under 17 U.S.C. § 1202. Plaintiff, a professional commercial photographer, brings this action in response to the unauthorized use of her original copyrighted photographs, and other copyright violations, by Defendant, via its website, thehayride.com.

## PARTIES

2. Since 2008, and at all relevant times, Plaintiff has provided professional commercial photography services, specializing in political figures, social injustice, and

1

environmental matters, with her residence and principal place of business being near New Orleans, Louisiana.

3. Upon information and belief, Defendant is a Washington, D.C., non-profit, which has its principal place of business in the District of Columbia, and owns, operates or otherwise controls a website located at www.thefuse.org ("The Fuse Website").

4. The Fuse Website is a forum for news, commentary, and advocacy impacting the global transportation energy transition and "is a project of SAFE." The Fuse Website's "Contact Us" page directs users to "Contact The Fuse directly by emailing info@secureenergy.org."[1]

## JURISDICTION AND VENUE

5. This action arises under U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This court has personal jurisdiction over Defendant because, *inter alia*, it is registered to do business, and maintains its principal place of business, in the District of Columbia.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

9. Plaintiff is a professional commercial photographer, who provides, among other services, journalistic photography services to clients. Plaintiff charges and invoices these clients for the cost of her services, and further licenses her photographs for use by such clients according to limitations specified under her written and oral licensing agreements. Plaintiff also licenses her photographs for uses in print and on the Internet.

---

[1] https://thefuse.org/contact-us/

10. In 2014, Plaintiff shot an aerial photograph of a portion of the Permian Basin in Eddy County, New Mexico, capturing a rare eagle-eye view of an area sometimes known as New Mexico's "Oil Patch" due to the number of drilling pads and wells (the "Oil Patch Photograph"). Attached hereto as **Exhibit A** is a copy of the Oil Patch Photograph.

11. Plaintiff is the sole owner of the copyright in the Oil Patch Photograph and registered the Oil Patch Photograph with the U.S Copyright Office under Registration No. VA 2-100-104, with an effective date of March 24, 2018. Attached hereto as **Exhibit B** is a copy of the registration certificate for the Oil Patch Photograph.

12. Plaintiff has reserved all rights in the Oil Patch Photograph and has not previously licensed any third party to use the Oil Patch Photograph.

13. The only known publication of the Oil Patch Photograph is Plaintiff's own publication of the same on Plaintiff's own professional commercial photography website, where the Oil Patch is made available for use subject to Plaintiff's licensing terms, including, but not limited to, payment of a licensing fee and agreement to maintain the integrity of Plaintiff's CMI. Attached hereto as **Exhibit C** is a screenshot of the Oil Patch Photograph as it appears on Plaintiff's website. In addition to written CMI that reads, "Copyright ©2014 Julie Dermansky," which appears in the margin next to the image, the copy of the Oil Patch Photograph displayed on Plaintiff's website, also contains Plaintiff's watermark on the bottom-lefthand corner of the image.

14. Plaintiff's written copyright notice and watermark both qualify as "copyright management information," as that term is defined by 17 U.S.C. § 1202(c).

15. As Plaintiff has not previously licensed any third party to use the Oil Patch Photograph, Plaintiff's website is the only known public source of a watermarked copy of the Oil Patch Photograph.

16.     Upon information and belief, without authorization or permission, Defendant obtained the Oil Patch Photograph from Plaintiff's website, either by taking a screenshot or downloading an unauthorized copy thereof, cropped the Oil Patch Photograph to removed Plaintiff's watermark and other CMI, published, distributed and publicly displayed this unauthorized copy of the Oil Patch Photograph on Defendant's own website, where Defendant asserted its own false claim of ownership of the Oil Patch Photograph.

17.     Upon information and belief, Defendant uploaded an unauthorized copy of the Oil Patch Photograph to Defendant's own website in January 2019, which has a file path that is publicly accessible at: thttps://thefuse.org/wp-content/uploads/2019/01/Fracking-Industry-New-Mexico-3x2.jpg (the "File Path"). Attached hereto as **Exhibit D** is a screen capture of the unauthorized copy of the Oil Patch Photograph as displayed at the File Path.

18.     The copy of the Oil Patch Photograph displayed at the File Path includes Plaintiff's watermark, but not Plaintiff's written copyright notice.

19.     If one downloads a copy of the Oil Patch Photograph from the File Path, the downloaded image file retains Plaintiff's metadata.  A screenshot of Plaintiff's metadata, found in the "Details" section of the "File Properties," is attached hereto as **Exhibit E**.  That metadata includes "Julie Dermansky" being identified as the author and a written copyright notice reading "©2014 Julie Dermansky."

20.     Since the copy of the Oil Patch Photograph displayed at the File Path includes Plaintiff's watermark and metadata, and since the File Path URL includes the registered title of the Oil Patch Photograph, it is almost certain that Defendant obtained or sourced its unauthorized copy of the Oil Patch Photograph from Plaintiff's website.

21. At all relevant times, Defendant knew or should have known about Plaintiff's copyright authorship and ownership of the Oil Patch Photograph, particularly because, on information and belief, Defendant obtained its copy of the Oil Patch Photograph directly from Plaintiff's website, and even so, because Defendant's copy of the Oil Patch Photograph includes Plaintiff's watermark and metadata.

22. At all relevant times, Defendant knew or should have known about Plaintiff's CMI in connection with the Oil Patch Photograph, particularly because, on information and belief, Defendant obtained its copy of the Oil Patch Photograph directly from Plaintiff's website, which includes Plaintiff's written copyright notice next to a watermarked copy of the Oil Patch Photograph, and because Defendant's copy of the Oil Patch Photograph includes Plaintiff's watermark and metadata.

23. Upon information and belief, Defendant intentionally cropped its unauthorized copy of the Oil Patch Photograph and knowingly reproduced, distributed, publicly displayed and otherwise used the unauthorized, cropped copy of the Oil Patch Photograph in connection with at least three articles or reports that Defendant knowingly published to and distributed via The Fuse Website (the "Infringing Articles").[2]  Attached hereto as **Exhibits F-1, F-2 and F-3** are screen captures of each of the Infringing Articles.

24. None of Defendant's uses of the Oil Patch Photograph in connection with one of the Infringing Articles conveys any of Plaintiff's CMI, as Plaintiff's watermark is cropped out and her written copyright notice is omitted from each of the Infringing Articles.

---

[2] *See* Nick Cunningham, The Fuse, *OPEC+'S Balancing Act Could Get Help From Struggling Shale* (Dec. 19, 2019), https://thefuse.org/opecs-balancing-act-could-get-help-from-struggling-shale/; Gregory Brew, The Fuse, *From High To Low: Could U.S. Shale Production Stall In 2020?* (Mar. 2, 2020), https://thefuse.org/from-high-to-low-could-u-s-shale-production-stall-in-2020/;  and Robbie Diamond, The Fuse, *Where Will The Oil Markets Be In Six Months?*  (Apr. 21, 2020), https://thefuse.org/where-will-the-oil-markets-be-in-six-months/.

25. Each of Defendant's uses of the Oil Patch Photograph in connection with one of the Infringing Articles conveys false CMI inasmuch as the Fuse Website contains Defendant's own logos and trademarks, and as such, Defendant is passing itself off as the owner of the Oil Patch Photograph, even though Defendant knows it has never had any rights in the work.

26. Upon information and belief, Defendant has made additional reproductions, distributions, public displays and uses of its unauthorized copy or copies of the Oil Patch Photograph in addition to displaying the Oil Patch Photograph at the File Path and in connection with the three (3) Infringing Articles identified so far, and each of those additional uses is of a copy of the Oil Patch Photograph with Plaintiff's watermark cropped out, and which includes false CMI that falsely attributes ownership of the Oil Patch Photograph to Defendant.

27. Defendant did not ask Plaintiff for permission to use the Oil Patch Photograph.

28. At the time of Defendant's display and distribution of the Oil Patch Photograph on its website, Plaintiff had not granted Defendant any license or permission to reproduce, publicly display, or otherwise use the Oil Patch Photograph for any purpose.

29. Although the publication of the Oil Patch Photograph on Plaintiff's own website contained Plaintiff's CMI, Defendant intentionally removed and/or altered Plaintiff's CMI.

30. Upon information and belief, Defendant intentionally removed and/or altered Plaintiff's CMI knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights in the Oil Patch Photograph, including but not limited to by concealing Defendant's own use of the Oil Patch Photograph.

31. Upon information and belief, Defendant knowingly published and distributed an unauthorized copy of the Oil Patch Photograph, with knowledge that Plaintiff's CMI had been removed, including but limited to knowledge that Plaintiff's watermark had been cropped out, and

knowing, or having reasonable grounds to know, that doing so will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights in the Oil Patch Photograph, including but not limited to by concealing Defendant's own use of the Oil Patch Photograph.

32. Defendant knowingly published and distributed an unauthorized copy of the Oil Patch Photograph on The Fuse Website together with Defendant's own trademarks and logos, and as such, Defendant knowingly provided and distributed false CMI.

33. Upon information and belief, Defendant knowingly provided and distributed such false CMI with intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights in the Oil Patch Photograph, including but not limited to by intending to conceal Defendant's own unauthorized use of the Oil Patch Photograph.

34. Like many professional commercial photographers, Plaintiff's livelihood depends on revenue generated by licensing her original works for reproduction and public display. With respect to the Oil Patch Photograph, the Defendant's actions have deprived Plaintiff of such revenue and have caused significant monetary harm to Plaintiff, threatening her livelihood.

**FIRST CLAIM FOR RELIEF**
**Direct Copyright Infringement**
**17 U.S.C. §101,** *et seq.*

35. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

36. The Oil Patch Photograph is an original copyrightable work.

37. Plaintiff is the sole author and owner of the Oil Patch Photograph.

38. Plaintiff has complied in all respects with 17 U.S.C. §101, *et seq.*, and secured the exclusive rights in and ownership of the Oil Patch Photograph, and has filed her registration of copyright in the Oil Patch Photograph with the U.S. Copyright Office in accordance with its rules

and regulations. Plaintiff has received Registration No. VA 2-100-104, with an effective registration date of March 24, 2018 (*See* Exhibit B).

39. By publishing and displaying a copy of the Oil Patch Photograph on The Fuse Website, in connection with, at least three Infringing Articles, Defendant has infringed Plaintiff's copyright in the Oil Patch Photograph by reproducing and publicly displaying the same, without Plaintiff's permission or authorization.

40. Defendant has done so willfully and intentionally, with full knowledge of Plaintiff's copyright, in particular as Defendant sourced the Oil Patch Photograph from Plaintiff's own website, which includes several conspicuous displays of her ownership rights, including a written copyright notice and her watermark appearing on the Oil Patch Photograph itself (*See* Exhibit C).

41. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

42. As a direct and proximate result of the copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits as a result of its infringement in an amount presently unknown and to be determined at trial.

43. Upon information and belief, the March 24, 2018 effective date of the registration of the Oil Patch Photograph pre-dates the first use of the Oil Patch Photograph by Defendant. Therefore, Plaintiff is entitled to elect between statutory damages and actual damages under 17 U.S.C. § 504.

44. If Plaintiff elects statutory damages, she is entitled to recover up to $150,000.00 because Defendant willfully infringed her copyright in the Oil Patch Photograph.

45. Alternatively, Plaintiff is entitled to recover her actual damages and any additional Defendant's profits not calculated in the computation of her actual damages in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b).

46. In addition, Plaintiff is entitled to recover her costs and attorneys' fees pursuant to 17 U.S.C. § 505.

47. In addition, Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendants from infringing her copyright pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

48. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

49. In association with her publication of the Oil Patch Photograph on her own website, Plaintiff included both a written copyright notice attributing the authorship and ownership of the copyright in the Oil Patch Photograph to Plaintiff, which appears in the margin next to the Oil Patch, and also her watermark, which appears on the lower-lefthand corner of the image.

50. The foregoing constitutes CMI, in particular pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

51. In connection with uploading its unauthorized copy of the Oil Patch Photograph to The Fuse Website at the File Path, Defendant knowingly removed or altered Plaintiff's CMI by omitting the written copyright notice that appears in the margin of Plaintiff's website.

52. Further, Defendant removed Plaintiff's CMI by cropping out her watermark.

53. Each of Defendant's acts in removing and/or altering the CMI in connection with its unauthorized use of the Oil Patch Photograph were committed intentionally.

54. On at least three occasions, Defendant knowingly distributed the Oil Patch Photograph with knowledge that Plaintiff's CMI had been removed or altered, particularly in connection with Defendant's publication and distribution of the Infringing Articles.

55. Defendant knew or should have known that each of its publications and/or distributions of the Oil Patch Photograph was or is likely to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights in the Oil Patch Photograph.

56. Defendant knew or should have known that each of its publications and/or distributions of the Oil Patch Photograph was or is likely to conceal Defendant's own infringing uses of the Oil Patch Photograph in connection with the Infringing Articles.

57. Based on the foregoing, Defendant has committed at least twelve (12) violations of 17 U.S.C. §§ 1202(b).

58. Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount to be determined at trial.

59. Defendant has gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

60. Plaintiff is entitled to recover from Defendant her actual damages and any additional Defendant's profits not taken into account in computing her actual damages pursuant to 17 U.S.C § 1203(c)(2).

61. In the alternative, and at her election, Plaintiff is entitled to recover from Defendant, for each violation of 17 U.S.C. § 1202(b), the full extent of which is unknown to Plaintiff at present and which will be proven at trial, statutory damages of up to $25,000.00 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), which equates to $300,000 for the twelve (12) known violations at the time of the filing of this Complaint.

62. Plaintiff is further entitled to recover her attorney's fees and costs from Defendant pursuant to 17 U.S.C. §§ 1203(b)(4) and (b)(5).

63. Plaintiff is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) pursuant to 17 U.S.C. § 1203(b)(1).

**THIRD CLAIM FOR RELIEF**
**Falsification of Copyright Management Information**
**Digital Millennium Copyright Act, 17 U.S.C. §1202(a)**

64. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 64, inclusive, as though fully set forth herein.

65. Defendant knowingly published and distributed one or more copies of the Oil Patch Photograph on The Fuse Website, including in connection with the Infringing Articles.

66. Each of the Infringing Articles displays one or more trademarks or logos owned or used by Defendant, on the same page or otherwise in the vicinity of Defendant's use of the Oil Patch Photograph, and in the absence of any credit to Plaintiff as author or copyright owner.

67. By including its own logos and trademarks on each of the Infringing Articles, Defendant knowingly provided and distributed false CMI.

68. Defendant knowingly included its own logos and trademarks on each of the Infringing Articles with intent to induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Oil Patch Photograph, including, but not limited, by intending to conceal Defendant's own infringing uses of the Oil Patch Photograph and by intending to mislead readers of The Fuse Website into believing that Defendant is an authorized source or licensor of the Oil Patch Photograph.

69. At all times, Defendant knew that it never had any rights or interest in the Oil Patch Photograph.

70. Based on the foregoing, Defendant violated 17 U.S.C. § 1202(a) on at least three separate occasions, *i.e.*, in connection with each of the Infringing Articles.

71. Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount to be determined at trial.

72. Defendant has gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

73. Plaintiff is entitled to recover from Defendant her actual damages and any additional Defendant's profits not taken into account in computing her actual damages pursuant to 17 U.S.C § 1203(c)(2).

74. In the alternative, and at her election, Plaintiff is entitled to recover from Defendant, for each violation of 17 U.S.C. §§ 1202(a), the full extent of which is unknown to Plaintiff at present and which will be proven at trial, statutory damages of up to $25,000.00 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), which equates to $75,000 for the three (3) known violations at the time of the filing of this Complaint.

75. Plaintiff is further entitled to recover her attorney's fees and costs from Defendant pursuant to 17 U.S.C. §§ 1203(b)(4) and (b)(5).

76. Plaintiff is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(a) pursuant to 17 U.S.C. § 1203(b)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

(a) For an award of monetary damages in an amount to be proven at trial, but which is no less than $525,000;

(b) For her attorneys' fees and costs;

(c) For a permanent injunction preventing further violations of her rights;

(d) For interest as allowed by law; and

(e) For such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues so triable in this case.

Dated: July 31, 2023                              Respectfully submitted,

**BUFFONE LAW GROUP PLLC**

By: _____*/s/ Samuel J. Buffone, Jr.*_____
Samuel J. Buffone, Jr.
4455 Willard Ave., Suite 600
Chevy Chase, MD 20815
Tel: (202) 997-8562
sam@buffonelawgroup.com

**LEICHTMAN LAW PLLC**

Matthew McFarlane (*pro hac vice* to be filed)
David Leichtman (*pro hac vice* to be filed)
Shane Wax (*pro hac vice* to be filed)
185 Madison Avenue, 15th Floor
New York, New York 10016
Tel: (212) 419-5210
dleichtman@leichtmanlaw.com
mmcfarlane@ leichtmanlaw.com
swax@leichtmanlaw.com

*Attorneys for Plaintiff Julie Dermansky*